IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRANCE WOODS (B-15395), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18 C 2168 |
| ) | |
| TIMOTHY J. FAHY, O.D., ) | Judge Matthew F. Kennelly |
| WALTER NICHOLSON, DEBBIE ) | |
| KNAUER, JOHN BALDWIN, DAVID ) | |
| MANSFIELD, RANDY PFISTER & ) | |
| TIFFANY UTKE, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff, Terrance Woods, ("Plaintiff"), by and through his attorney, Paul N. Bonadies of Dahl & Bonadies, LLC, and for his complaint against Defendants, TIMOTHY FAHY, O.D, WALTER NICHOLSON, DEBBIE KNAUER, JOHN BALDWIN, DAVID MANSFIELD, RANDY PFISTER and TIFFANY UTKE, Plaintiff states as follow:

## PARTIES

1. Plaintiff, Terrance Woods, is an inmate at the Illinois Department of Correction's Stateville Correctional Center ("Stateville"), located at 16830 IL-53, Crest Hill, IL 60403. His identification number is B-15395.

2. Defendant, Timothy J. Fahy, O.D. ("Fahy"), is an eye-care physician, who treats inmates at Stateville, and is employed or contracted either by the Illinois Department of Corrections and/or Wexford Health Services who are contracted to provide medical care for Stateville inmates. He is alleged to have been acting, at all times relevant to this case, in his individual capacity and under the color of state law within the meaning of 42 U.S.C. § 1983.

1

3. Defendant, Walter Nicholson ("Nicholson"), is the current Warden at Stateville. Defendant Nicholson is currently legally responsible for the health, safety, and sanitation of the inmates living conditions. He is alleged to have been acting, at all times relevant to this case, in both his individual and official capacities and under the color of state law within the meaning of 42 U.S.C. § 1983.

4. Defendant, Debbie Knauer ("Knauer"), is a member of the Administrative Review Board of the Illinois Department of Corrections ("IDOC"), and was responsible for reviewing Plaintiff's grievances related to the mold at Stateville and ultimately denying his grievances. She is alleged to have been acting, at all times relevant to this case, in both her individual and official capacities and under the color of state law within the meaning of 42 U.S.C. § 1983.

5. Defendant, John Baldwin ("Baldwin"), Acting Director of the IDOC, was responsible for reviewing Plaintiff's grievances related to the mold at Stateville and ultimately denying his grievances. He is alleged to have been acting, at all times relevant to this case, in both his individual and official capacities and under the color of state law within the meaning of 42 U.S.C. § 1983.

6. Defendant, David Mansfield ("Mansfield"), a grievance officer at Stateville, was responsible for initially determining Plaintiff's grievances related to the mold at Stateville and denied his grievances initially. He is alleged to have been acting, at all times relevant to this case, in both his individual and official capacities and under the color of state law within the meaning of 42 U.S.C. § 1983.

7. Defendant, Randy Pfister ("Pfister"), was the Chief Administrative Officer at Stateville, and approved and ratified the denial of Plaintiff's grievance related to the mold at Stateville by Defendant Mansfield. He is alleged to have been acting, at all times relevant to this

case, in both his individual and official capacities and under the color of state law within the meaning of 42 U.S.C. § 1983.

8. Defendant, Tiffany Utke ("Utke"), is a nurse employed Wexford Health Services and/or contracted to work for the IDOC who is responsible for relaying patient information to Stateville grievance officers. She is alleged to have been acting, at all times relevant to this case, in her individual capacity and under the color of state law within the meaning of 42 U.S.C. § 1983.

## NATURE OF ACTION

9. This is a civil action brought pursuant to the Eighth and Fourteenth Amendments of the United States Constitution to seek monetary, declaratory and injunctive relief under 42 U.S.C. § 1983, and to redress deprivations of Plaintiff's Civil Rights which were precipitated by the unlawful cruel and unusual punitive acts and omissions of the Defendants, all while purporting to act under the color of law.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201, 2202, and 2284.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all events giving rise to the causes of action occurred in the Northern District of Illinois.

12. Plaintiff has exhausted all administrative remedies available to him prior to bringing this 42 U.S.C. § 1983 civil rights lawsuit within the meaning of the Prison Litigation Reform Act, 42 U.S. C. § 1997(e)(a).

## FACTS COMMON TO ALL COUNTS

13. On April 5, 2017, Plaintiff complained to Fahy about irritation in his eyes. Fahy diagnosed Plaintiff with Grade Two hyperemia and conjunctivitis – a serious eye condition. Fahy noted that mold was the suspected cause of Plaintiff's condition.

14. At the time of these mold exposure complaints and his initial serious eye condition diagnosis, Plaintiff lived in the B-block (Bravo House), frequented the law library, and was also enrolled in classes at Stateville.

15. Plaintiff's April 5, 2017 complaints to Fahy stem from his exposure to mold in the law library, classrooms, and Plaintiff's cell in the B-block (Bravo House). Specifically, there is black mold on the beams and in the hallway corridors near the classrooms, and in the law library.

16. The mold still persists today and Plaintiff still remains exposed to the mold. The toxic mold has harmed Plaintiff resulting in multiple serious eye condition diagnoses.

17. Plaintiff has been exposed to mold for an extended period of time at Stateville Correctional Center. Since the April 5, 2017 diagnosis of mold-related eye conditions, Plaintiff continued with routine follow-ups with Fahy.

18. Since his initial diagnosis and mold exposure, Plaintiff has been treated for conjunctivitis, lacrimation, a blocked meibomian gland, dust mites, and blepharitis. All of these serious medical conditions are related to his eyes and mold exposure.

19. Fahy prescribed numerous types of treatments and medications for Plaintiff's mold related eye conditions but Plaintiff's condition still remains unresolved.

20. On December 27, 2017, Fahy recommended that Plaintiff seek a consultation with an eye specialist at the University of Illinois Medical Center. Fahy cited dust mites may have also caused grit in the tear layers of Plaintiff's eyes causing irritation and inflammation.

21. Plaintiff was forced to wait over six months before receiving an outside medical opinion while his grievances and complaints went unresolved. Throughout this waiting period, Plaintiff's serious eye conditions persisted causing him severe discomfort, discharge from his eyes, and irritation.

22. Plaintiff's serious eye condition has affected his ability to perform in the classroom. He now has trouble reading to himself and aloud in class due to the nature of his eye condition.

**Plaintiff's Grievances About The Mold & His Eye Condition**

23. On May 24, 2017, Plaintiff filed an offender grievance stating that there was mold in the school and law library of Stateville. Plaintiff requested the mold be removed as it caused his serious eye condition. (A copy is attached hereto as Exhibit A.)

24. The grievance officer assigned to this grievance was Mansfield. On July 25, 2017, Mansfield denied Plaintiff's grievance and took no further action. Pfister, the Chief Administrative Officer, concurred with Mansfield's denial of Plaintiff's grievance. (A copy is attached hereto as Exhibit B.)

25. On July 28, 2017, Plaintiff explicitly appealed the denial of his grievance. (Ex. B.)

26. When reviewing Plaintiff's appeal of his grievance, Defendant Knauer again took no action. (A copy of the appeal is attached as Exhibit C.)

27. On November 29, 2017, Defendants Knauer and Baldwin refused to give Plaintiff a formal hearing. Defendants Knauer and Baldwin did not take further action to address Plaintiff's request to rectify the mold in the school and other buildings listed in his grievance. (Ex. C.) Plaintiff's complaints went unresolved.

## COUNT I – DELIBERATE INDIFFERENCE
## TOWARDS PLAINTIFF'S SERIOUS MEDICAL CONDITION
## UNDER THE EIGHTH & FOURTEENTH AMENDMENTS
## TO THE U.S. CONSTITUTION
## VIA 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

28. Plaintiff hereby incorporates all prior allegations as if fully pleaded here.

29. At all times complained of herein, Defendants caused a wanton infliction of pain and demonstrated deliberate indifference towards Plaintiff's serious mold related eye conditions while acting under the color of law in violation of Plaintiff's Eighth and Fourteenth Amendment Rights under the Constitution of the United States by delaying and denying Plaintiff's required medical care for over a year, including by failing to resolve his grievances.

30. Defendants knew of a substantial risk of harm, including, but not limited to substantial pain and discomfort, and Defendants consciously disregarded those risks by failing to take reasonable measures to provide Plaintiff with the appropriate medical treatment.

31. Defendants' actions violated the Plaintiff's right to be free from the infliction of cruel and unusual punishment under Eighth and Fourteenth Amendments of the Constitution of the United States.

32. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983, and seeks all redress allowed by said statute, including but not limited to:

   a. Pain and suffering compensation;

   b. Disability compensation;

   c. Mental distress compensation;

   d. To be provided proper and continuing medical treatment for his mold related eye condition;

   e. To be provided with adequate equipment and medication for his mold related eye condition;

    f. Removal of all mold from Stateville;

    g. An award of Plaintiff's attorneys' fees, costs, and litigation expenses under 42 U.S.C. § 12205, 29 U.S. § 794(a), and 42 U.S.C. § 1988; and

    h. Any other relief this Court deems fair and just.

33. One or more of the aforesaid acts or omissions of the Defendants, and each of them, were a proximate cause of the aforesaid violations of the Plaintiff's rights and the resulting damages suffered by the Plaintiff.

WHEREFORE, Plaintiff, TERRANCE WOODS, prays for entry of judgment aforesaid, and/or any additional relief deemed appropriate by this Court against all Defendants.

### COUNT II – DECLARATORY RELIEF AND PERMANENT INJUNCTION UNDER THE EIGHTH AMENDMENT & FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION FOR MOLD REMOVAL VIA 42 U.S.C. § 1983 (AGAINST DEFENDANTS NICHOLSON, KNAUER, BALDWIN, MANSFIELD & PFISTER)

34. Plaintiff hereby incorporates all prior allegations as if fully plead here.

35. At all times and actions complained of herein, Defendants demonstrated a deliberate indifference to Plaintiff's complaints of mold in the law library, school classrooms, his cell, and other areas in Stateville while acting under the color of law.

36. There have been numerous complaints of mold at Stateville – not just from Plaintiff alone.

37. At all times and actions complained of herein, Defendants demonstrated a wanton and deliberate indifference towards Plaintiff's complaints about mold at Stateville in violation of Plaintiff's Eighth and Fourteenth Amendments Rights under the Constitution of the United States.

7

38. By refusing to act on Plaintiff's grievances and the complaints of other inmates, Defendants have forced Plaintiff to be consistently exposed to mold and unsanitary prison conditions, which resulted in Plaintiff developing a serious medical condition.

39. Defendants have imposed punishment far in excess of that authorized by law, contrary to the Eighth and Fourteenth Amendments.

40. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983, and seeks all redress allowed by said statute, including but not limited to:

   a. A judgment declaring that Defendants Nicholson, Knauer, Baldwin, and Mansfield exhibited deliberate indifference towards Plaintiff's mold exposure at Stateville;

   b. A preliminary and permanent injunction ordering Defendants Nicholson, Knauer, Baldwin, and Mansfield to immediately remove the toxic mold that Plaintiff has been and is continuing to be exposed to;

   c. An order enjoining Defendants Nicholson, Knauer, Baldwin, and Mansfield from taking any action to interfere with Plaintiff's right to maintain this action, or from retaliating in any way against Plaintiff for bringing this action;

   d. An order retaining jurisdiction over this matter to ensure that the terms of any injunction are fully implemented;

   e. An award of Plaintiff's attorneys' fees, costs, and litigation expenses under 42 U.S.C. § 12205, 29 U.S. § 794(a), and 42 U.S.C. § 1988; and

   f. Any other relief this Court deems fair and just.

WHEREFORE, Plaintiff, TERRANCE WOODS, prays for entry of judgment aforesaid, and/or any additional relief deemed appropriate by this Court against Defendants Nicholson, Knauer, Baldwin, Mansfield and Pfister.

Paul N. Bonadies
DAHL & BONADIES, LLC
30 North LaSalle St., Suite 1500
Chicago, IL 60602
(312) 641-3245
I.D. No. 46245
pbonadies@dahlfirm.com

Respectfully submitted,

By: _____
Attorney for Plaintiff